UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARUN SHARMA, individually, on behalf of the State of California, the Labor and Workforce Development Agency; and ROES 1-30, inclusive,

Plaintiff,

v.

ANAERGIA, INC., a Canadian corporation; ANAERGIA SERVICES, LLC, a Delaware limited liability company; ANDREW BENEDEK, an individual; BRETT HODSON, an individual; and DOES 1-30, inclusive,

Defendants.

Case No.: 25cv2864-JAH (JAC)

**ORDER DENYING IN PLAINTIFF ARUN SHARMA'S MOTION TO COMPEL FURTHER RESPONSES AND DOCUMENTS FROM DEFENDANTS ANAERGIA, INC., BRETT HODSON AND ANDREW BENEDEK; ORDER DENYING PLAINTIFF'S REQUEST FOR SANCTIONS**

**[ECF. No. 39, 40]**

Currently before the Court is Plaintiff Arun Sharma's Motion to Compel Further Responses and Documents from Defendants Anaergia, Inc., Brett Hodson, and Andrew Benedek (collectively, the "Responding Defendants"), and for Sanctions ("Motion to Compel"), ECF No. 39. Responding Defendants oppose the motion. ECF No. 40 ("Opposition"). Through Plaintiff's Motion to Compel, Plaintiff seeks to compel production of the three Responding Defendants' credit card statements. For the reasons set

forth below, Plaintiff's Motion to Compel is **DENIED**.

## I. OVERVIEW AND FACTUAL AND PROCEDURAL BACKGROUD

This case involves a former employee, Plaintiff Arun Sharma ("Sharma" or "Plaintiff") suing his former employer Anergia Services, LLC ("Anaergia Services"), its parent company Anaergia, Inc., and two Anaergia, Inc. CEOs, Andrew Benedek ("Benedek") and Brett Hodson ("Hodson"), in their individual capacity. Anergia Inc, Anergia Services, Benedek, and Hodson (collectively, "Defendants") removed Sharma's case to federal court. ECF No. 1. In Sharma's complaint, he alleges seventeen (17) causes of action. *See id.* at Exhibit ("Exh.") 1. Sharma's claims can be put into three buckets: (1) those arising out of Sharma's inability to sell his shares of company stock due to all Defendants' actions (Counts I, III, V, VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XVII), *see id.* at Exh. 1, ¶¶ 33; 37-45; 60-64; (2) those arising out of Defendant Benedek's alleged agreement that Sharma was to receive severance pay, and all Defendants' subsequent failure to abide by this alleged agreement (Counts II, III, IV, XII, XIII, XIV, XV, XVII), *see id.* at Exh. 1, ¶¶ 48-50; 57; 65-85; 136-164; 171-187; and (3) those arising out of Sharma's whistleblower email that he believes led to his termination (Counts XV and XVI). *See id.* at Exh. 1, ¶¶ 51-55; 156-170. The Responding Defendants have each filed a Motion to Dismiss arguing that this court lacks personal jurisdiction. *See* ECF Nos. 27, 28, and 32. Sharma seeks to compel discovery that he asserts is relevant to answer the question of whether this Court has personal jurisdiction over the three Responding Defendants.

### A. Factual and Procedural Background:

On or about August 29, 2025, Sharma filed his complaint in California state court. ECF No. 39, Declaration of Shane Howarter ("Howarter Decl."), ¶ 2; ECF No. 40, Declaration of Elijah Gaglio ("Gaglio Decl."), ¶ 2. On October 23, 2025, Defendants removed the case to federal court based on diversity jurisdiction. ECF No. 1 at 1-2. On October 23, 2025, only Defendant Anaergia Services answered. *See id.* at Exh. 8; *see also* ECF No. 4. However, due to issues and confusion pertaining to the service of the Responding Defendants and the attorneys representing all four Defendants, *see* ECF Nos.

15, 16, 19, 21, 23; *see also* ECF No. 39 at 4, Howarter Decl., ¶¶ 5-8, Defendants Hodson and Anaergia, Inc. were not formally served until July 8, 2026, ECF Nos. 25, 26, and Defendant Benedek was not formally served until August 21, 2026. ECF No. 29. Shortly after being served, the Responding Defendants filed motions to dismiss based on lack of personal jurisdiction. ECF Nos. 27, 28, 32. Defendants Hodson filed his motion on July 29, 2026, ECF No. 27, Defendant Anaergia, Inc. filed its motion on July 30, 2026, ECF No. 28, and Defendant Benedek filed his motion on September 11, 2026. ECF No. 32.

Defendant Hodson was served with written discovery requests and a notice for deposition on July 20, 2026. ECF No. 39, Howarter Decl., ¶ 9;[1] *see also* ECF No. 40 at 4. Anaergia, Inc. was served written discovery requests and a notice for deposition on July 29, 2026, via email. ECF No. 39, Howarter Decl., ¶ 10; *see also* ECF No. 40 at 4. Defendant Benedek was served written discovery requests and a notice for deposition on September 11, 2026. ECF No. 39, Howarter Decl., ¶ 11; *see also* ECF No. 40 at 4.

During this time, the parties attempted to meet and confer to resolve their discovery disputes. *See* ECF No. 39 at 4-5; *see also* ECF No. 40 at 4-5. However, the parties reached an impasse. Sharma insisted some of the discovery requests "addressed the jurisdictional challenge" the Responding Defendants raised in their motions to dismiss. ECF No. 39 at 5. On the other hand, Responding Defendants stated "substantive discovery was improper

---

[1] Plaintiff asserts that all Defendants were served with discovery requests on February 5, 2026. ECF No. 39, Howarter Decl., ¶ 5; *see also* ECF No. 39, Exh. 1. However, the question of timeliness of when a party needs to serve responses or objections to discovery requests only follows once they have been properly served. *See Walker v. Lakewood Condo. Owners Ass'n*, 186 F.R.D. 584, 586 (C.D. Cal. 1999) (stating that a responding party is obligated to respond to discovery requests "once a discovery request is served using the appropriate method."); *see also Vanderbusch v. Chokatos*, No. 1:13-cv-1422-LJO-EPG (PC), 2018 WL 3031488, at *3 (E.D. Cal. June 15, 2018) ("The timeliness of the discovery responses is determined by the date the responses were served, not by the date when the responses are actually received by the recipient."); *see also Stussy Inc. v. Shein et al*, No. 8:22-cv-379-CJC-KESx, 2022 WL 17363898, at *4 (C.D. Cal. Sept. 23, 2022) ("[A] plaintiff becomes entitled to serve papers (like discovery demands) under Rule 5 only after a defendant has been properly served under Rule 4.") (citing *Pacsetter Consulting LLC v. Kapreilian*, No. CV-19-00338, 202 WL 4365986, at *6 (D. Ariz. July 30, 2020). Thus, the Court believes the 30-day calendar begins from when Sharma served his discovery requests to the Responding Defendants *after* Sharma properly served them his complaint.

or premature while the jurisdictional motions were pending[.]" ECF No. 40 at 4-5.

Due to their impasses, on September 24, 2026, the parties contacted United States Magistrate Judge Janet A. Cabral's chambers via email, requesting a discovery conference. The Court then set a remote discovery conference for October 6, 2026. ECF No. 33. At the discovery conference, the Court found that "only discovery pertinent to personal jurisdiction is appropriate at this time" and instructed the parties that, if no agreement can be reached as to relevant discovery, Sharma can file a motion to compel by October 16, 2026, with the three Responding Defendants' opposition due by October 23, 2026. ECF No. 35. On October 16, 2026, Sharma filed this Motion to Compel. ECF No. 39. On October 23, 2026, Defendants filed their Opposition. ECF No. 40. This order follows.

## II. LEGAL STANDARD

The scope of discovery, as outlined by Federal Rule of Civil Procedure 26(b), is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expenses of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P.26(b)(1).

District courts are granted "broad discretion to determine relevancy for discovery purposes." *FlowRider Surf, Ltd. v. Pac. Surf Designs, Inc.*, No. 15cv1879-BEN (BLM) 2016 WL 6522807 at *2 (S.D. Cal. June 25, 2024) (citing *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002)); *see also Albertson's LLC v. Amazon Retail LLC*, No. C23-1982-JCC-MLP 2024 WL 5657657, at *4 (W.D. Wash. Jan. 5, 2024) ("Relevancy, particularly in discovery, 'is a relatively low bar.'") (internal citation omitted). However, courts are

required to limit the extent or frequency of discovery if the Court determines the sought-after discovery is "unreasonably cumulative or duplicative[;]" can be obtained from another more convenient, less burdensome, or less expensive, source; if the moving party had "ample opportunity to obtain the information by discovery in the action;" or if the discovery is outside Rule 26(b)(1)'s permitted scope. *See* Fed. R. Civ. P. 26(b)(2).

Pursuant to Federal Rule of Civil Procedure 34, "[a] party may request the production of any document within the scope of Rule 26(b)." *Price v. Synapse Grp., Inc.*, No. 16cv1524-BAS(BLM) 2018 U.S. Dist. LEXIS 155637, at *4 (S.D. Cal. Sept. 12, 2018) (citing Fed. R. Civ. P. 34(a)). The responding party has two options: they can, "[f]or each item or category, . . . state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). All objections must state if responsive documents are being withheld on that basis. *Id.* at 34(b)(2)(C). Further, all documents within the "possession custody, or control" of the responding party are the responsibility of the responding party. *FlowRider Surf, Ltd.*, 2016 WL 6522807 at *2 (citing Fed. R. Civ. P. 34(a)(1)). Notably, "[a]ctual possession, custody or control is not required. Rather, 'a party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document.'" *Id.* (quoting *Soto v. City of Concord*, 162 F.R.D. 603, 619 (N.D. Cal. 1995)).

Pursuant to Federal Rule of Civil Procedure 37(a)(3)(B), a party may move to compel production of documents if "a party fails to produce documents . . . as requested under Rule 34." Compelling discovery under Rule 37 has two threshold tests. First, the burden rests on the party seeking to compel discovery to establish "'that its request[s] satisf[y] the relevancy requirements of Rule 26(b)(1).'" *Williams v. County of San Diego*, No. 17cv815-MMA (JLB) 2019 WL 2330227, at *3 (S.D. Cal. My 31, 2019) (quoting *Bryant v. Ochoa*, No. 07cv200 JM (PCL), 2009 WL 1390794 at *1 (S.D. Cal. May 14, 2009). Once the party making the motion meets this threshold, the burden shifts to the party

opposing discovery to show why "the discovery should be prohibited" as well as the additional burden of "clarifying, explaining, or supporting its objections." *Id.* The party opposing discovery "'carr[ies] a heavy burden' of showing why discovery should be denied." *Williams*, 2019 WL 2330227 at *3 (quoting *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)).

Courts in the Ninth Circuit require a plaintiff to establish a "colorable basis for personal jurisdiction before granting jurisdictional discovery." *Sectra Commc'ns AB v. Absolute Software, Inc.*, No. C22-0353RSM, 2023 WL 34594, at *1 (W.D. Wash. Jan 4, 2023) (citing *Chapman v. Krutonog*, 256 F.R.D. 645, 649 (D. Haw. 2009); *see also Liberty Media Holding, LLC v. Tabora*, No. 11-cv-651-IEG (JMA), 2012 WL 28788, at *7 (S.D. Cal. Jan. 4, 2012) (denying Plaintiff's request for leave to conduct jurisdictional discovery because Plaintiff did not make a colorable showing "that this Court might be able to exercise personal jurisdiction over Defendant[s]."). "This 'colorable' showing should be understood as something less than a prima facie showing, and could be equated as requiring the plaintiff to come forward with 'some evidence' tending to establish personal jurisdiction over the defendant." *E.g.*, *Mitan v. Feeney*, 497 F.Supp. 2d 1113, 1119 (C.D. Cal. 2007); *see also Lee v. Netgain Tech., LLC*, 21cv1144-LL-MSB, 2022 WL 993552, at *6-7 (S.D. Cal. Apr. 1, 2022) (denying Plaintiff's request that the court permit plaintiff to perform limited discovery on defendant's conduct in the forum state because the proposition that "jurisdictional discovery *might* reveal" facts showing sufficient contacts with a forum state is an improper "fishing expedition" based on a "mere hunch.") (internal quotations and citations omitted).

## III. <u>DISCUSSION</u>

Sharma asks the Court to compel the Responding Defendants to produce documents in response to Request for Production ("RFP") No. 18 propounded on Anaergia, Inc., RFP No. 10 propounded on Benedek, and RFP No. 10 propounded on Hodson. Plaintiff also argues that Defendants Anaergia, Inc. and Hodson have waived any objections to Plaintiff's request. Additionally, Plaintiff asks that this Court sanction the Responding

Defendants.

### A. Plaintiff's Motion to Compel Documents from Defendants Anaergia, Inc., Benedek, and Hodson

Sharma's RFP is identical across all three Responding Defendants. The RFP requests the following:

> All credit card statements for any accounts held in YOUR name from August 2024 through August 2025 [All monetary amounts may be fully redacted, and account numbers may be partially redacted to show only the last four digits of the account number.]

ECF No. 39, Howarter Decl., Exh. 5 at 14; Howarter Decl., Exh. 6 at 7; Howarter Decl., Exh. 7 at 8. Sharma argues that the discovery Defendants have already turned over, or agreed to turn over, fail to "provide the 'objective' data which this Court needs to make its ruling [on personal jurisdiction]." ECF No. 39 at 10. Sharma asserts that these credit card statements are relevant because they would provide "direct evidence of the location of financial transactions with a high level of frequency, providing the Court and the parties with objective data of where Defendants are living and/or operating." *Id.* at 9. Additionally, Sharma states that these requests are proportional because the requests are limited to a twelve-month scope and because Sharma is only seeking information that would "reveal ***where*** Defendants are spending money on a day-to-day basis[.]" *Id.* at 8, Howarter Decl., ¶ 20. (emphasis in original). Sharma also states that any confidentiality concerns raised by the Responding Defendants would be cured either by redactions or by the protective order already on the docket. *See* ECF No. 39 at 8; *see also* ECF No. 14.

The Responding Defendants counter by arguing that "a transaction location does not, without more, establish" sufficient contacts with a forum state to establish personal jurisdiction, and that seeking the credit card statements for every credit card account held by the three Responding Defendants is disproportionate. *See* ECF No. 40 at 7-8, 9. The Responding Defendants also state that production of such credit card statements invades the Responding Defendants' privacy rights, even if certain portions are redacted, because

the "identity, timing, and location of transactions" is private information not outweighed by the "speculative jurisdictional value" such credit card statements would provide. *Id.* at 10.

The Court agrees with the Responding Defendants. Credit card information, even with the redactions proposed by Sharma, is highly invasive to the Responding Defendant's privacy. Even assuming that credit card transaction information provides sufficient evidence to establish personal jurisdiction, that only covers half of Rule 26's scope of discovery. The court must also weigh the *likely* benefits of the aforementioned credit card statements against the burden and expenses of the proposed discovery. *See* Fed. R. Civ. P. 26(b)(1) (emphasis added). A credit card statement revealing what each Defendant spends money on, where they spend it, and how frequently is highly burdensome and invasive of the Responding Defendants' privacy. This is compounded by the fact that Sharma rejected the Responding Defendants' counsel's offer to provide a "special interrogatory identifying California transactions, if any, by the Defendants" rather than produce such sensitive data. ECF No. 40, Gaglio Decl., ¶ 7; *see also* ECF No. 39 at 9. Surely such a less invasive discovery method would be sufficient to answer the question of whether the Responding Defendants had sufficient contacts with the State of California to establish personal jurisdiction.

The likely benefits attained from this discovery, on the other hand, are minimal. Courts in this district do not grant parties the ability to conduct jurisdictional discovery on the "mere hunch that discovery 'might yield jurisdictionally relevant facts[.]'" *Greystone Housing Found., Inc. v. Fantasy Holdings, LLC*, 16-cv0300-AJB-DHB, 2017 WL 11421364, at *2 (S.D. Cal. Jan. 12, 2017) (quoting *Boschetto v. Hansing*, 539 F.3d 1011, 1020 (9th Cir. 2008)). Sharma asserts no evidence in his Motion to Compel demonstrating that this court has personal jurisdiction over the Responding Defendants and instead insists that producing such credit card statements would "provide the 'objective' data which this Court needs to make its ruling." ECF No. 39 at 10. This argument, however, hinges on an unspoken assumption: that these credit card statements *could* provide enough information

to establish jurisdiction. Such unfounded assumptions are the exact type of fishing expeditions courts try to prevent by requiring parties to have a colorable basis before allowing jurisdictional discovery. *Lee*, 2022 WL 993552, at *6-7.

As such, Sharma's Motion to Compel redacted credit cards statements from the Responding Defendants is **DENIED**.

**B. <u>Timeliness of Defendants Anaergia, Inc.'s and Hodson's Responses</u>**

Sharma alternatively argues that Defendants Anaergia, Inc. and Hodson have waived all objections to his request because they served their objection only responses after the 30-day window provided by Rule 34(b)(2)(A). ECF No. 39 at 11. Defendants respond by stating (1) they did not believe their objection responses were untimely; (2) that good cause exists for the purported untimeliness of the objections; and (3) regardless of tardiness, waiver does not mean that irrelevant or disproportionate documents are now discoverable. ECF No. 40 at 11.

Defendants Anaergia, Inc. and Hodson's objections were untimely. Defendant Anaergia, Inc.'s objections were 4 days late and Defendant Hodson were 9 days late. ECF No. 39, Howarter Decl., ¶¶ 5, 9-10, 13. However, courts in the Ninth Circuit and beyond have found that they "'retain jurisdiction to relieve a late or non-responding party from potentially harsh consequences associated with waiver.'" *Sec'y of Labor, United States Dep't of Labor v. Kazu Construction, LLC*, No. 18-00077 ACK-KSC, 2017 WL 628455, at *3 (D. Haw. Feb. 15, 2017) (citing *Liguori v. Hansen*, No. 2:11-CV-00492-GMN, 2012 WL 760747, at *11 (D. Nev. Mar. 6, 2012); *see also Burlington Ins. Co. v. Okie Dokie, Inc.*, 368 F. Supp. 2d 83, 91 (D.D.C. 2005) (declining to find plaintiff waived its objections to discovery responses despite its objections being served nine days late because the defendant "will not suffer prejudice by this delay, and the plaintiff has not demonstrated a pattern of misconduct that would warrant the relatively harsh punishment sought at this stage."); *see also Blumenthal v. Drudge*, 186 F.R.D. 236, 240 (D.D.C. 1999) (finding that plaintiffs, who served responses five and nine days late, had "not waived their right to raise their objections even at this late date.").

Here, Sharma is not unduly prejudiced by the minimal delay from Defendants Anaergia, Inc. and Hodson. The case is still in its early stages, so there has been little to no opportunity for Sharma's case to be harmed by the delay. Further, the harsh consequences, being that Defendants cannot assert privacy privileges and other objections because their responses were four days and nine days late respectively, are drastic, particularly here where Plaintiff has not yet made a colorable showing that this Court has personal jurisdiction over them. As such, the Court finds that Defendants Anaergia, Inc. and Hodson have not waived their objections to these discovery requests.

Even assuming Sharma's argument to be correct, a plaintiff is not entitled to all documents just because objections have been waived; the discovery requested must still be relevant and proportional. *See Caldwell v. Center for Correctional Health and Policy Studies, Inc.*, 228 F.R.D 40, 44 (D.D.C. 2005) (finding that a "plaintiff is not entitled to demand from defendants information that is neither relevant to a claim or defense nor likely to lead to information that is."). The language of Rule 26 supports this rationale, as nothing in the rule states or implies that waiver converts otherwise irrelevant, disproportionate discovery into discoverable documents.

As such, the Court finds that Defendants Anaergia, Inc. and Hodson did not waive their objections. The Court hereby **DENIES** Sharma's Motion to Compel on this basis.

**C. Plaintiff's Request for Sanctions**

Because the Court denied Sharma's Motion to Compel, his request for sanctions is also hereby **DENIED**.

## IV. CONCLUSION

For the foregoing reasons, Sharma's Motion to Compel is **DENIED.** Sharma's request for sanctions is also **DENIED**.

**IT IS SO ORDERED**.

Dated: October 28, 2026

Hon. Janet A. Cabral
United States Magistrate Judge